FILED

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA, LAFAYETTE DIVISION

2012 DEC 26  AM 11: 57

U.S. ...
FOR THE NORTHERN DISTRICT
OF INDIANA

TYLER COLLINS,                                  )
                                                )
                Plaintiff,                      )
                                                )        **4 : 12 C V 0 0 8 0**
        v.                                      )
                                                )
OFFICER MYERS (#326) and the                    )        JURY TRIAL DEMANDED
CITY OF LAFAYETTE, INDIANA,                      )
                                                )
                Defendants.                     )

## COMPLAINT

NOW COMES Plaintiff, TYLER COLLINS, by and through his attorneys, LOEVY &

LOEVY, and complains of Defendants OFFICER MYERS of the Lafayette Police Department

and the CITY OF LAFAYETTE, INDIANA, and states as follows:

### Introduction

1.      This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color

of law of Plaintiff's rights as secured by the United States Constitution and the Indiana State

Constitution.

### Jurisdiction and Venue

2.      This Court has jurisdiction of this action under 28 U.S.C. §§1331 and 1367.

3.      Venue is proper under 28 U.S.C. § 1391(b).  Plaintiff resides in this judicial district and

Defendant City of Lafayette, Indiana, is a municipal corporation located here.  Further, the

events giving rise to the claims asserted herein occurred within this district.

1

**Factual Background**

4.      Plaintiff was arrested outside of his home on November 14, 2011 by officers of the Lafayette Police Department, and was transported to the Emergency Department at Saint Elizabeth's Hospital for treatment due to minor injuries.

5.      At the hospital, Plaintiff was confined to a hospital bed with his wrists handcuffed to both sides of the bed, and with a medically placed cervical collar securing his head movements and a surgical mask covering a portion of his face.

6.      While Plaintiff was so confined, Defendant Myers repeatedly hit Plaintiff in the face. Defendant Myers then placed his hands around the cervical collar in a strangling maneuver and pinned Plaintiff to the bed. The assault on Plaintiff stopped only after a physician intervened.

7.      When confronted by the physician, Defendant Myers falsely justified the assault on Plaintiff by accusing Plaintiff of attempting to grab his holstered weapon that was secured at his hip. Defendant Myers continued using this false justification when other officers rushed into the room, when he had to explain the incident to his superiors at the Lafayette Police Department, and when prosecutors charged Plaintiff with a Class C Felony based solely on the false justification.

8.      Plaintiff sustained injuries due to the assault by Defendant Myers, including but not limited to general pain and discomfort and emotional distress.

9.      No discipline or retraining was imposed upon Defendant Myers by the Lafayette Police Department based on his actions on November 14, 2011. The Lafayette Police Department further failed to conduct a meaningful investigation of the incident, and failed to even respond to the complaint filed by the physician who witnessed the assault on Plaintiff. It is due to the policies and practices of the Lafayette Police Department that when one of their officers uses

what Defendant Myers himself termed a "distraction technique" to assault an arrestee confined to

a hospital bed, and falsifies the justification for the assault, that such conduct is allowed to take

place with no repercussions.

## Count I- 42 U.S.C. §1983
## Excessive Force Against Defendant Myers

10.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

11.    As described above, the conduct of Defendant Myers constituted excessive force in

violation of the United States Constitution.

12.    The misconduct described in this Complaint was objectively unreasonable and was

undertaken intentionally and with willful indifference to Plaintiff's constitutional rights.

13.    The misconduct described in this Complaint was undertaken with malice, willfulness, and

reckless indifference to the rights of others.

14.    As a result of the misconduct described in this Complaint, Plaintiff experienced pain,

discomfort and emotional distress when Officer Myers used excessive force against him.

## Count II- 42 U.S.C. §1983
## *Monell* Claim Against Defendant City of Lafayette, Indiana

15.    Each paragraph of this Complaint is incorporated as if restated fully herein.

16.    The excessive force employed by Defendant Myers against Plaintiff was undertaken

pursuant to the policy and practice of the Lafayette Police Department in that as a matter of both

policy and practice, the Lafayette Police Department directly encourages, and is thereby the

moving force behind, the very type of misconduct at issue here by failing to adequately train,

supervise and control its officers, such that its failure to do so manifests deliberate indifference.

17.    As a matter of both policy and practice, the Lafayette Police Department facilitates the

use of excessive force, such as the actions used by Defendant Myers against Plaintiff, by failing

to adequately punish and discipline prior instances of similar misconduct, thereby leading

Lafayette Police Officers to believe their actions will never be scrutinized and, in that way,

directly encouraging future abuses such as those affecting Plaintiff; specifically, Lafayette Police

Officers accused of excessive force can be confident that the Department will not investigate

those accusations in earnest, and will refuse to recommend discipline even where the Officer has

engaged in excessive force.

18.     Generally, as a matter of widespread practices prevalent as to comprise municipal policy,

officers of the Lafayette Police Department abuse citizens in a manner similar to that alleged by

Plaintiff in this Complaint on a frequent basis, yet the Lafayette Police Department makes no

findings of wrongdoing in a disproportionately small number of cases.

19.     Municipal policy-makers are aware of, and condone and facilitate by their inaction a

"code of silence" in the Lafayette Police Department, by which officers fail to report misconduct

committed by other officers, such as the use of excessive force employed in this case.

20.     The City of Lafayette has failed to remedy the patterns of abuse described in the

preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of

injuries alleged here.

21.     As a result of the unjustified and excessive use of force, as well as the City of Lafayette's

policy and practice, Plaintiff experienced pain, discomfort and emotional distress when Officer

Myers used excessive force against him.

## Count III- State Law
## Assault And Battery

22.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

23.     As described in the preceding paragraphs, the conduct of Defendant Myers, acting under

color of law and within the scope of his employment, constituted unjustified and offensive

4

physical contact, undertaken willfully and wantonly, proximately causing Plaintiff bodily injuries.

24.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

25.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

26.     As a result of the offensive touching Plaintiff sustained bodily and other injuries, including but not limited to, a reasonable apprehension of great bodily harm.

27.     In committing the acts alleged in the preceding paragraphs, Defendant Myers was employed as a Police Officer by the Lafayette Police Department in Lafayette, Indiana, acting at all relevant times within the scope of his employment.

**Count IV- State Law**
**Intentional Infliction of Emotional Distress**

28.     Each Paragraph of his Complaint is incorporated as if restated fully herein.

29.     In the manner described more fully above, by assaulting and battering Plaintiff without any justification, Defendant Myers engaged in extreme and outrageous conduct.

30.     Defendant Myers' actions set forth above were rooted in an abuse of power and /or authority.

31.     Defendant Myers' actions set forth above were undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

32.     Defendant Myers' actions set forth above were undertaken with malice, willfulness, and reckless indifference to the rights of others.

33.    The misconduct described in this Count was undertaken by Defendant Myers within the scope of his employment such that his employer, the City of Lafayette, Indiana, is liable for his actions.

34.    As a direct and proximate result of this misconduct, Plaintiff suffered injuries, including but not limited to emotional distress.

### Count V- State Law
### Respondeat Superior

35.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

36.    In committing the acts alleged in the preceding paragraphs, Defendant Myers was an member of, and an agent of, the Lafayette Police Department acting at all relevant times within the scope of his employment.

37.    Defendant City of Lafayette, Indiana is liable as principal for all torts committed by its agent.

### Count VI- State Law
### Indemnification

38.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

39.    Indiana law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

40.    Defendant Myers was an employee of the City of Lafayette, Indiana, and acted within the scope of his employment in committing the misconduct described throughout this Complaint.

6

WHEREFORE, Plaintiff, TYLER COLLINS, respectfully requests that this Court enter

judgment in his favor and against Defendants OFFICER MYERS and the CITY OF

LAFAYETTE, INDIANA, awarding compensatory damages, costs, and attorneys' fees, along

with punitive damages against Defendant OFFICER MYERS in his individual capacity, as well

as any other relief this Court deems just and appropriate.

<h3 style="text-align:center"><strong>Jury Demand</strong></h3>

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b)

on all issues so triable.

Respectfully Submitted,

Julie Thompson
Attorney for Plaintiff

Arthur Loevy
Jon Loevy
Julie Thompson
Joel Feldman
Loevy & Loevy
312 N. May St., Suite 100
Chicago, Illinois 60607
(312) 243-5900
(312) 243-5902

7